# Mary Mahoney, Defendant in Error, v. Joseph Goldblatt et al., Plaintiffs in Error.

1. DRAM-SHOPS—*when exemplary damages proper.* Actual damages being proven, exemplary damages may be awarded in an action under the Dram-Shop Act for loss of means of support if the evidence justifies it.

2. DRAM-SHOPS—*what evidence competent in action for loss of means of support.* As a part of the *res gestae* it is competent in such an action to permit evidence that the defendant permitted prostitutes to visit and drink in his place of business and that the son of the plaintiff associated with them.

3. DRAM-SHOPS—*what not essential to recovery in action for loss of means of support.* The son of the plaintiff to whom liquor was sold being a minor, notice of such fact need not be established; the law prohibits sale of liquor to a minor and one who sells to a person under age does so at his peril.

4. TRIAL—*when arguments of counsel not improper.* Even though arguments of counsel may be likely to excite the prejudice and passion of the jury they are not improper if they are predicated upon the evidence.

Error to the Circuit Court of Sangamon county; the HON. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed October 14, 1911.

ALBERT SALZENSTEIN, C. F. MORTIMER and STEVENS & BRADFORD, for plaintiffs in error.

SMITH & FRIEDMEYER, for defendant in error.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action against defendants, Joseph Goldblatt, the keeper of a dram-shop, and Fanny Kennedy, alias Fanny Peebles, the owner of the building in which defendant Goldblatt conducted his dram-shop. Trial below resulted in a judgment against both defendants for $2500, to reverse which this appeal is prosecuted.

Plaintiff was the mother of one John F. Mahoney and this action is brought to recover damages for alleged injury to her support by reason of the alleged wrongful sales of intoxicating liquors to John F. Mahoney, her son, while he was a minor. The defendants insist on a reversal of this judgment and assign as causes therefor insufficiency of the proof, error in the admission and rejection of evidence, the giving and refusing of instructions, and in alleged improper remarks of counsel for plaintiff.

The record discloses that plaintiff is a widow, that her husband died about eighteen or twenty years ago, that she is the mother of two children, a daughter and a son, John F., to whom it is alleged the wrongful sales were made by reason of which she was injured in her support. At the time of the father's death, John F. Mahoney was about two years of age; he became twenty-one years of age September 15, 1909; that the son attended the city and parochial schools of the city

of Springfield until he was about twelve years of age, working during the school vacations, and at the age of about fourteen commenced work with the Citizens' Coal Company, first employed as a trapper then as a mule driver; he continued in this employment until the time when he began to visit the saloon of defendant Goldblatt, the visits to this saloon being at first infrequent. It was not long after these visits commenced until the son began to lose time in his work at the mines, which loss of time was increased in accordance with the more frequent visits to the Goldblatt saloon. When the son commenced his visits to this saloon he was earning $2.56 per day as a mule driver at the mine of the Citizens' Coal Company; he had been earning this sum of money for some time previous and he was then a minor and his mother received all or nearly all of his earnings which was used for the support of herself and daughter. It was in the fall of 1907 when the son commenced to stay away from home nights and began to remain away from his work at the mine; his earnings at the mine from that time on continued to diminish, during which time he was more or less intoxicated and as a result of this intoxication he became so shiftless and worthless that the Citizens' Coal Company refused him further employment; since then he has performed no work and is an habitual drunkard, contributing nothing to the support of his mother. During these times he became very abusive and cruel in the treatment of his mother and remained away from home for weeks at a time, during which time he was in and about Goldblatt's dram-shop associating at that place with women of lewd character who were permitted to come there by Goldblatt.

Defendant, Fanny Kennedy, was frequently seen about the saloon and knew that a dram-shop was being

conducted therein by Goldblatt and permitted the same to be done.

It is insisted by defendants herein that there is no evidence to support the allegations of the declaration that the son obtained or received liquor from the defendant Goldblatt or at his dram-shop and that the evidence tending to show such facts is not sufficient to support the judgment. It is also insisted that there is no sufficient proof in the record that plaintiff was injured in her means of support by the sale or gift of intoxicating liquors by Goldblatt or his servants, and that there is no sufficient proof that any such sales were made. It is also strenuously insisted by defendants that the amount of the judgment in this case is excessive and that the verdict is the result of vindictive or punitive damages against defendants, and there being no proof of actual damages, vindictive or punitive damages are improper. It is also contended by defendants that the court should not have permitted the plaintiff to show that Goldblatt permitted prostitutes and women of lewd character to visit and drink in his saloon and that the son was permitted to associate with them at this place, that the only object of this evidence was to show that Goldblatt was violating the laws of the State of Illinois in regard thereto and to prejudice the jury against him.

Upon the question of the sufficiency of the evidence in this record, there can be no question from the evidence but what John F. Mahoney was in the habit of and did visit the saloon of defendant Goldblatt and did obtain intoxicating liquors at that place and that as a result of the sale of these intoxicating liquors to him the plaintiff has been injured in her means of support and that she sustained actual damages by reason thereof.

Upon the contention that where actual damages are not proven vindictive damages are improper, this prop-

osition of law is not disputed, but there being sufficient proof in this record to show actual damages to plaintiff, vindictive damages are proper and are fully justified by the record in this case.

It was not error for the court to admit in evidence that Goldblatt permitted prostitutes and lewd women to visit and drink in his place of business and that John F. Mahoney associated with them. This evidence was part of the *res gestae* of the alleged visits to the saloon and their effect upon the son; it was proper for the court to permit plaintiff to show the surroundings and conditions which existed in this saloon and which had a tendency to or were instrumental in any way in attracting John F. Mahoney thereto and the conditions which he was brought in contact with when his presence at the saloon was secured; it was proper for the purpose of showing the degradation to which he was brought by acts of defendant Goldblatt and to show his utterly worthless character after that time. These matters all were proper for the purpose of showing that his services as a means of support to the plaintiff were utterly lost to her and they were also proper to be considered upon the question of vindictive damages. The judgment in this case is not excessive.

It is also insisted by defendant that consideration should be given to the fact that no notice was ever given to Goldblatt that Mahoney was a minor and that he was never notified not to sell to him. For the purpose of a recovery under the Dram-Shop Act such notice is not necessary; the law prohibits selling to a minor, and a saloon keeper who sells to a person under age does so at his peril.

It is also insisted in mitigation of damages that Mahoney did not continuously work at the mine after he began to drink, but went away and was gone for a time and his whereabouts at that time unknown to his mother, and while absent he was out west looking for work.

The fact that while he was in this condition he wandered away from home will be no defense or even a mitigation of damages in this case.

Upon the question of the improper remarks by counsel, we cannot concede that they were calculated to unduly excite prejudice or passion of the jury; they were based upon the evidence in this case and referred to conditions which were shown to exist, and we cannot say that the remarks complained of were wholly unwarranted in this action. While comments upon conditions may have an influence upon the jury in their verdict, counsel have the right to comment upon the facts shown to exist by the evidence, where their language is based upon the condition of the record and facts shown to exist.

While counsel for defendant have assigned as error the giving and refusing of instructions by the court, they do not argue these questions or present any reasons why or in what manner the instructions are erroneous, and where counsel do not argue the errors assigned, under the rules established by this court, they are considered to be waived.

There being no prejudicial error in this record, the judgment is affirmed.

*Affirmed.*